[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-15297
Non-Argument Calendar

_____

D.C. Docket No. 8:10-cr-00048-SDM-TGW-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIE C. TONEY,
a.k.a. Anthony Toney,
a.k.a. Tony,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 12, 2013)

Before HULL, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Willie Toney appeals his 262-month sentence for possessing a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e), arguing it is substantively unreasonable in light of the record and the sentencing factors set forth in 18 U.S.C. § 3553(a). After careful review, we affirm.

We review the substantive reasonableness of a sentence for an abuse of discretion. *United States v. Irey*, 612 F.3d 1160, 1188-89 (11th Cir. 2010) (*en banc*). "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

Toney has not met his burden of demonstrating that his sentence was unreasonable. His sentence was within his guidelines range and we ordinarily expect a guidelines sentence to be reasonable. *See United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). The court considered the statutory factors and discussed several of them in detail, including: the nature and circumstances of Toney's offense (threatening his girlfriend, punching her pregnant daughter in the face, pointing a knife at his girlfriend's niece, and firing two gunshots in front of his girlfriend's residence); Toney's history and characteristics, including his prior convictions for several violent offenses; and the need for a lengthy sentence to promote respect for the law, deter Toney's criminal conduct, and protect the public. *See* 18 U.S.C. § 3553(a). Although Toney contends that his advanced age

2

and history of mental health issues warranted a below-guidelines sentence, the district court considered these arguments and concluded the countervailing considerations required a longer term of imprisonment.  We cannot say this determination was an abuse of discretion.  *See United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) ("The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors."  (alterations and internal quotation marks omitted)).

**AFFIRMED.**